<partyblock>

Healthway Medical Care, P.C., as Assignee of Santiago, Rosaura, Appellant,

against

Commerce Ins. Co., Respondent. NO. DECIDED The Rybak Firm, PLLC, Damin J. Toell, Esq., for appellant. Bruno, Gerbino & Soriano, LLP, Mitchell L. Kaufman, Esq., for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (Theresa M. Ciccotto, J.), entered June 3, 2015. The order granted defendant's motion for summary judgment dismissing the complaint.

ORDERED that the order is affirmed, with $25 costs.

In this action by a provider to recover assigned first-party no-fault benefits, plaintiff appeals from an order of the Civil Court which granted defendant's motion for summary judgment dismissing the complaint.

Contrary to plaintiff's contention, defendant sufficiently established that the relevant policy is a Massachusetts insurance policy, which had been issued to a Massachusetts resident for an automobile whose principal place of garaging was Worcester, Massachusetts. The NF-2 form, which was signed by plaintiff's assignor, the insured, and proffered by defendant as an exhibit to the motion (see Flatbush Chiropractic, P.C. v GEICO Ins. Co., 40 Misc 3d 128[A], 2013 NY Slip Op 51104[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013]), reveals that the accident occurred in Massachusetts. In view of Massachusetts' significant contacts with the insurance contract (see Matter of Eagle Ins. Co. v Singletary, 279 AD2d 56, 60 [2000]), the [*2]application of Massachusetts law to the substantive issues is proper (see Matter of Allstate Ins. Co. [Stolarz-New Jersey Mfrs. Ins. Co.], 81 NY2d 219, 223 [1993]; Auten v Auten, 308 NY 155, 160-161 [1954]).

Contrary to plaintiff's contention, defendant's evidence, including, among other things, a statement by plaintiff's assignor, established, prima facie, that the policy limits at issue here had been exhausted in accordance with Massachusetts law (see Mass Gen Laws Ann ch. 90  34A, 34M; Dominguez v Liberty Mut. Ins. Co., 429 Mass 112, 112-113 [1999]), before defendant became obligated to pay plaintiff's claims at issue. In opposition, plaintiff failed to raise a triable issue of fact.

Plaintiff's remaining contentions lack merit.

Accordingly, the order is affirmed.

Weston, J.P., Pesce and Aliotta, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: April 07, 2017

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>